LEWIS *v.* BOARD OF SUPERVISORS OF MONTMORENCY COUNTY.

1. INTOXICATING LIQUORS — LOCAL OPTION — PETITION — WITHDRAWAL OF SIGNATURES.
   Petitioners for the submission to an election of the question of prohibition under the local-option law may not withdraw their names from petitions after copies have been posted. 2 Comp. Laws, §§ 5414-5417; Act No. 183, Pub. Acts 1899.

2. MANDAMUS—ANSWER—CONCLUSIVENESS—RECORD.
   In mandamus to compel a county board of supervisors to submit the question of prohibition to an election, the answer of respondent board contradicting its own record and proceedings may not be taken as true.

3. SAME—QUESTION OF FACT—ISSUES FRAMED.
   No issue need be framed upon respondent's attempt to contradict its own record and proceedings.

Certiorari to Montmorency; Emerick, J. Submitted February 20, 1911. (Calendar No. 24,439.) Decided March 13, 1911.

Mandamus by Thomas E. Lewis and 320 electors of Montmorency county against the board of supervisors thereof, to require them to reconvene and determine whether the question of prohibiting the liquor traffic should be submitted to the electors. From an order granting the writ, respondent brings certiorari. Affirmed.

*Pliny W. Marsh*, for relator.

*J. H. Cobb*, for respondent.

McALVAY, J. Respondent, by a writ of certiorari, reviews and asks a reversal of an order of the circuit court of Montmorency county granting relator a writ of mandamus to compel respondent board to reconvene and submit the question of the prohibition of the manufacture and sale of intoxicating liquor to an election in said county, under the local-option law. The printed record of the proceedings had before the board of supervisors, as presented to the circuit court, is very deficient and unsatisfactory, for which there is no explanation, although attention was directed to it by the brief of appellee. All of the exhibits which were a part of the petition for mandamus were copies of the records of respondent board, and upon which was based the action of the board in refusing to submit the question to an election, were omitted, and without an examination and consideration of them this court could not know what was passed upon by the trial court. These exhibits were printed by relator in an appendix to his brief and we find by a comparison with the certified return to the writ of certiorari that they are correct copies.

We find but one question was presented to the board of supervisors and passed upon which relator claims was illegally determined. This was in allowing the withdrawal of the names of 46 persons from the petitions presented, thereby reducing the number below that required by law to entitle petitioners to have the question submit-

ted at the next election. We have examined the certified records of the respondent board which were before the trial court, and find that such records show that the withdrawals by signers were all made after the posting of the petitions, and the claim made by counsel for respondent in his brief that they were made before posting is not supported by the record. Signers to these petitions cannot withdraw their names after copies of the petitions have been posted. *Rutledge* v. *Board of Supervisors*, 160 Mich. 22 (124 N. W. 945).

It is urged that the answer of a respondent in mandamus must be taken as true, no issues having been framed. This rule cannot be invoked in this case. The facts appear upon the face of the record and proceedings which were under consideration. No necessity arises for framing an issue under such circumstances. Why an attempt was made by respondent board to contradict its official record is not apparent.

The order of the circuit court is affirmed, and the respondent board is ordered to reconvene on March 14, 1911, at ten o'clock a. m. for the purpose of performing the duty ordered and adjudged to be done by the order and judgment of the circuit court.

BROOKE, HOOKER, STONE, and BLAIR, JJ., concurred.